1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                               San Francisco Division

11   DARRELL HUGHES, individually              Case No. 3:22-cv-08967-LB
     and on behalf of all others similarly
12   situated,                                 **ORDER GRANTING LEAVE TO
                                               AMEND COMPLAINT**
13                Plaintiff,
                                               Re: ECF No. 16
14        v.

15   UNITED AIRLINES, INC. and
     Does 1 through 20, inclusive,
16
                  Defendant.
17

18                       **INTRODUCTION AND STATEMENT**

19        In October 2022, plaintiff Darrell Hughes — who was a flight attendant with United Airlines

20   from November 2015 to August 2, 2022 — sued United on behalf of a putative class of current and

21   former flight attendants and pilots for various wage-and-hours violations. He claims that United

22   failed to pay reporting-time pay, provide meal or rest breaks, reimburse all business expenses, keep

23   accurate payroll records, and pay waiting-time penalties, in violation of the California Labor Code

24   and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.[1]

25

26

27   ───────────────
     [1] Compl. – ECF No. 1-1 at 11-18 (¶¶ 31–85); Proposed Am. Compl. – ECF No. 16-2 at 12 (¶¶ 19–20).
     Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page
28   numbers at the top of documents.

     ORDER – No. 3:22-cv-08967-LB

On May 12, 2023, the plaintiff moved to amend the complaint to add Robin Goings, a current United flight attendant who has worked there since 1994, as a class representative, and to add a prayer for injunctive relief. One reason for adding Ms. Goings is that she — unlike Mr. Hughes — is a current employee and can advance a prayer for injunctive relief. Another reason for seeking amendment is that Mr. Hughes apparently was negotiating an individual settlement. The proposed amended complaint otherwise is substantially the same as the operative complaint.[2]

United opposes the motion as an end run around a California statute that (1) effective March 23, 2023, exempts airline cabin-crew members from California's meal- and rest-break requirements if the employees are covered by a valid collective-bargaining agreement (CBA) that contains provisions governing meal and rest breaks and (2) commencing December 5, 2022, bars new lawsuits filed by or on behalf of a person covered by a CBA that meets the requirements of (1).[3] Cal. Lab. Code § 512.2(a)(1), (c). Section 512.2 does not affect existing lawsuits. *Id.* § 512.2(c).

United removed the case from state court to this court.[4] It is undisputed that the court has diversity jurisdiction under the Class Action Fairness Act.[5] 28 U.S.C. § 1332(d). All parties consented to magistrate jurisdiction.[6] *Id.* § 636(c). The court held a hearing on July 13, 2023.

The court grants the motion to amend. Section 512.2(c) is a ban on certain legal claims that does not disturb cases that were already filed on December 5, 2022. And under the ordinary Rule 15(a) analysis, United is not otherwise prejudiced by adding Ms. Goings as a plaintiff.

## STATUTORY SCHEME

In 2021, the Ninth Circuit held that a putative class of California-based flight attendants — who worked exclusively on intrastate flights within California and who were employed by a

---

[2] Mot. – ECF No. 16; Proposed Am. Compl., Ex. A to Lebe Decl. – ECF No. 16-2 at 12 (¶¶ 19–20) & Prayer for Relief, *id.* at 24 (¶ 15); Blackline Compare of Proposed Am. Compl. to Compl., Ex. B to Lebe Decl. – ECF No. 16-2 at 27–49; Lebe Decl. – ECF No. 16-2 at 2 (¶ 4).

[3] Opp'n – ECF No. 20.

[4] Notice of Removal – ECF No. 1.

[5] *Id.* at 4 (¶¶ 11–15).

[6] Consents – ECF Nos. 7, 9.

California-based commercial airline, Virgin America — were subject to California's meal- and rest-break laws. *Bernstein v. Virgin Am., Inc.*, 3 F.4th 1127, 1133, 1140–42 (9th Cir. 2021). As a result, the California Legislature enacted, and Governor Gavin Newsom signed into law, S.B. 41, which adds § 512.2 to the California Labor Code.

Section 512.2(a)(1) exempts flight attendants from California's meal- and rest-break requirements if they are "covered by a valid collective bargaining agreement under the Railway Labor Act (45 U.S.C. [§] 151 et seq.) and that agreement contains any provision addressing meal and rest periods for airline cabin crew employees." Cal. Lab. Code § 512.2(a)(1). The statute contains this bar to new lawsuits: "Notwithstanding any other law, commencing December 5, 2022, a person shall not file a new legal action by or on behalf of a person covered by a collective bargaining agreement meeting the requirements of paragraph (1) of subdivision (a) asserting a claim for alleged meal or rest break violations." *Id.* § 512.2(c).

## STANDARD OF REVIEW

Under Rule 15, if a party can no longer amend as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This policy is applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Delay alone is insufficient to justify denial of leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *Id.*; *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (consideration of the

United States District Court
Northern District of California

1   factors "should be performed with all inferences in favor of granting the motion [for leave to

2   amend]"). The party opposing a motion to amend bears the burden of showing prejudice. *DCD*

3   *Programs*, 833 F.2d at 187.

4   Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original

5   pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct,

6   transaction or occurrence set out — or attempted to be set out — in the original pleading." Fed. R.

7   Civ. P. 15(c)(1)(B). In the Ninth Circuit, an amendment adding a plaintiff relates back to the

8   original complaint under Rule 15(c) when "(1) the original complaint gave the defendant adequate

9   notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly

10  prejudice the defendant; and (3) there is an identity of interests between the original and new

11  proposed plaintiff." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996). The relation-

12  back doctrine applies to amendments seeking to expand the scope of a putative class. *Willner v.*

13  *Manpower Inc.*, No. 11-cv-2846-JST, 2014 WL 2939732, at *3–4 (N.D. Cal. June 30, 2014).

15  **ANALYSIS**

16  United mainly asserts that adding a new named plaintiff and a prayer for injunctive relief after

17  the passage of § 512.2 would be futile because it "circumvent[s] the clear purpose of [§ 512.2]" and

18  thus amounts to "the filing of new claims after December [4], 2022." This argument relies in part on

19  the notion that § 512.2 is a statute of repose that imposes an absolute time bar on new claims.[7]

20  United also contends that the proposed amendments would prejudice United because § 512.2 was a

21  legislative bargain (where United was very much involved) designed to foreclose lawsuits like this

22  one.[8] The court addresses these arguments in turn.

23  First, § 512.2(c) does not apply here. That subsection provides that no one may "file a new legal

24  action" like that reflected in the proposed amended complaint after December 4, 2022. But when a

25  plaintiff files an amended complaint — even if it does not "relate back" to the date of the original

---

7 Opp'n – ECF No. 20 at 16–23.

8 *Id.* at 23–24.

United States District Court
Northern District of California

complaint — he has not "file[d] a new legal action." 6 Wright & Miller, Fed. Prac. & Proc.,

Amended and Supplemental Pleadings § 1476 (3d ed. 2023) ("A pleading that has been amended

under Rule 15(a) supersedes the pleading it modifies[.]"). The legislative history of § 512.2(c)

confirms this understanding. The California State Senate Judiciary Committee observed that

subsection (c) "means that if flight attendants covered by a qualifying collective bargaining

agreement tr[y] to file an entirely new lawsuit alleging meal and rest break violations going

forward, they [will] be unable to do so," but that "cases that had already been filed as of December

5, 2022" are "free to run their natural course."[9] S. Judiciary Comm. Rep., S.B. 41, 2023–2024 Reg.

Sess., at 7–8 (Cal. Feb. 11, 2023).[10] "Leaving pending cases to go forward in all of the ways that

they might have in the absence of this legislation is consistent with the Committee's historical

aversion to interfering with the outcome of pending litigation." *Id.* at 8.

United contends that § 512.2(c) is a statute of repose that imposes an absolute time bar on this

attempt to amend after the statute went into effect. Section 512.2(c) is not a statute of repose,

though.

In one formulation by the Ninth Circuit, "[a] statute of repose is a fixed, statutory cutoff date,

usually independent of any variable, such as claimant's awareness of a violation." *Munoz v.

Ashcroft*, 339 F.3d 950, 957 (9th Cir. 2003) (citing Wright & Miller § 1056 for the proposition that

"[s]tatutes of repose are not subject to equitable tolling."). But that sentence, by itself, is not a

complete definition: it describes only the end point of a statute of repose. A statute of repose, like

a statute of limitations, entails a period of time with a defined beginning and end, during which a

plaintiff may file suit. 4 Wright & Miller, Fed. Prac. & Proc., Commencement of Action § 1056

(4th ed. 2023) ("[T]he point of commencement for the applicable statute of repose is commonly

the date of the last act or omission that caused the plaintiff's injury."); *Cal. Pub. Employees' Ret.

Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 505 (2017) (statutes of repose "effect a legislative judgment

---

[9] "As a practical matter, however, no such case ha[d] been brought to the Committee's attention." *Id.* at 7.

[10] https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=202320240SB41.

1  that a defendant should be free from liability after the legislatively determined period of time," and

2  they "begin to run on the date of the last culpable act or omission of the defendant") (cleaned up).

3      Section 512.2(c) does not establish a period of time during which plaintiffs may file suit

4  regarding a given subject matter; instead, it is simply a ban on certain legal claims. Of course, the

5  ban took effect on a certain date — which happens to have been after this case was filed. To be

6  precise, the ban was enacted in March 2023 and made retroactive to the date of the bill's

7  introduction, December 5, 2022. But "cases that had already been filed as of December 5, 2022" are

8  "free to run their natural course." S. Judiciary Comm. Rep., S.B. 41, 2023–2024 Reg. Sess., at 7–8

9  (Cal. Feb. 11, 2023). That is because, among other reasons, "disruption of pending litigation can

10  sometimes raise thorny constitutional due process issues." *Id.* at 8. Because the present case is

11  outside the reach of § 512.2(c), the proposed amendment is not affected by that provision.

12      Relatedly, United contends that adding Ms. Goings as a new named plaintiff now is the same as

13  if she had filed a new lawsuit in contravention of § 512.2(c). According to United, there is a

14  "procedural sleight of hand" at play — Ms. Goings will replace Mr. Hughes (who apparently may

15  accept a settlement offer) as the only named plaintiff, a result that "would gut [§ 512.2(c)]."[11]

16      The problem with this argument is that the original complaint, which was filed before

17  § 512.2(c)'s effective date, was on behalf of a class of flight attendants that included Ms. Goings.[12]

18  In accordance with Rule 15's liberal approach towards amendment, it isn't uncommon for a new

19  named plaintiff to be added or even substituted in a class action. *Ellsworth v. U.S. Bank, N.A.*, 30 F.

20  Supp. 3d 886, 905–09 (N.D. Cal. 2014) (a strategy of picking off named plaintiffs does not moot

21  claims; allowed amendment with new class representatives); *Am. Pipe & Const. Co. v. Utah*, 414

22  U.S. 538, 550 (1974) ("A federal class action is . . . a truly representative suit[.]"). Likewise, Rule

23  15(a) is appropriate "for electing a different remedy than the one originally requested." 6 Wright &

24  Miller, Fed. Prac. & Proc., Amended and Supplemental Pleadings § 1474 (3d ed. 2023). A court

25  may even condition the grant of a motion for class certification "on plaintiffs' substituting an

---

[11] Opp'n – ECF No. 20 at 21–22.

[12] Compl. – ECF No. 1-1 at 7 (¶ 21) (defining the proposed class).

ORDER – No. 3:22-cv-08967-LB                6

*United States District Court*
*Northern District of California*

appropriate class representative" to support injunctive relief. *United States ex rel. Terry v. Wasatch Advantage Grp.*, LLC, 327 F.R.D. 395, 421 (E.D. Cal. 2018) (collecting cases).

Second, the remaining issue is whether under Rule 15(a)(2), United is prejudiced by adding Ms. Goings (resulting in a prayer for injunctive relief on the breaks claims), and whether under Rule 15(c), the amendment relates back to the date of the original pleading. At the hearing, United essentially conceded that — if § 512.2(c) did not exist and if the plaintiff satisfied the other Rule 15(a)(2) amendment factors and the Rule 15(c) relation-back factors — it would not be prejudiced under Rule 15(a)(2) or unfairly prejudiced under Rule 15(c). A presumption for amendment exists under Rule 15(a). *Eminence Cap.*, 316 F.3d at 1052. United has not shown prejudice under Rule 15(a). *DCD Programs*, 833 F.3d at 187; Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial, Amended and Supplemental Pleadings §§ 8:1516–22 (2023) (prejudice in this context usually refers to the amendment's causing delay, expense or an inability on the defendant's part to respond) (collecting cases). Under Rule 15(c), the plaintiffs have an identity of interests, the claims are the same, and Ms. Goings as a current employee merely adds a prayer for injunctive relief on the breaks claims, permissibly expanding the scope of relief on the class claims. *Willner*, 2014 WL 2939732, at *3–4.

## CONCLUSION

The court grants leave to file the proposed amended complaint. This disposes of ECF No. 16.

**IT IS SO ORDERED.**

Dated: July 17, 2023

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California