Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Chancellor D. Nobles (State Bar No. 330081)
Chancellor@lebelaw.com
Brielle D. Edborg (State Bar No. 347579)
Brielle@lebelaw.com
**LEBE LAW, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973
Facsimile: (213) 457-3092

Attorneys for Plaintiffs Darrell Hughes and
Robin goings, Individually and on behalf of
all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HUGHES and ROBIN GOINGS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br> vs.<br><br><br>UNITED AIRLINES, INC,<br><br>        Defendant. | **3:22-cv-08967-LB**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>(1)    Failure to Pay Reporting Time Pay;<br>(2)    Failure to Provide Meal Periods;<br>(3)    Failure to Permit Rest Breaks;<br>(4)    Failure to Reimburse All Business Expenses;<br>(5)    Failure to Keep Accurate Payroll Records;<br>(6)    Failure to Pay Waiting Time Penalties; and<br>(7)    Violation of Business and Professions § 17200, *et seq*.<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Darrell Hughes and Robin Goings, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiffs Darrell Hughes and Robin Goings ("Plaintiffs") bring this putative class action against United Airlines, Inc. ("Defendant") and Does 1-20 ("Defendant"), on behalf of themselves individually and a proposed class of similarly situated individuals.

2.      Plaintiffs and proposed class members are flight crew personnel, including flight attendants who work or have worked for Defendant in California.

3.      Defendant operates an international airline, which employs Plaintiffs and the class at airports throughout California.

4.      Through this action, Plaintiffs allege that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendant's deliberate unfair competition.

5.      Plaintiffs are informed and believe, and thereon allege, that Defendant has increased their profits by violating state wage and hour laws by, among other things:

(a) Failing to pay reporting time pay;

(b) Failing to provide meal periods or compensation in lieu thereof;

(c) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(d) Failing to reimburse for all business expenses; and

(e) Failing to pay all wages at termination.

FIRST AMENDED CLASS ACTION COMPLAINT

6.     Defendant maintained and enforced against the class the following unlawful practices and policies, in violation of California state wage and hour laws:

(a) Defendant failed to compensate Plaintiffs and other class members for half a day's work for the times they were required to report to work but were not put to work or were furnished with less than half of their usual scheduled day's work.

(b) Defendant failed to provide meal and rest in violation of California law. Plaintiffs and class members regularly worked in excess of five (5) hours a day without being provided at least half-hour meal periods in which they were relieve of all duties.  Furthermore, Defendant failed to provide a second meal period for shifts of more than ten (10) hours. Instead, Defendant regularly required Plaintiffs and class members to perform work off-the-clock during meal periods.  Moreover, based on lack of proper coverage and the scheduling of meal periods, Plaintiffs and class members were not able to take off-duty meal and rest periods during their shifts.  When class members suffered meal and rest period violations, Defendant failed to pay an additional hour of pay at the regular rate of pay to class members.

(c) Defendant failed to reimburse Plaintiffs and class members for all business expenses, including but not limited to work required uniforms and their cleaning costs, home internet and cellphone plans.

7.     Plaintiffs bring this lawsuit seeking monetary relief against Defendant on behalf of themselves and all others similarly situated in California

3

to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 226.7, 512, 1174, 1174.5, 2800 and 2802.

## JURISDICTION AND VENUE

8.    This is a class action, pursuant to the Federal Rules of Civil Procedure. Defendant removed the case from Alameda County Superior Court pursuant to the same and the action has not been remanded.

9.    The United States District Court for the Northern District of California has personal jurisdiction over Defendant because many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

## THE PARTIES

10.    Plaintiffs Darrell Hughes and Robin Goings are citizens of California. Plaintiffs were employed by Defendant during the class period in California.

11.    Plaintiffs are informed and believe, and thereon allege, that Defendant at all times hereinafter mentioned, was and is an employer as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

## CLASS ACTION ALLEGATIONS

12.    Plaintiffs bring this action under the Federal Rules of Civil Procedure, Rule 23 on behalf of themselves and all others similarly situated who were affected by Defendant's Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

13.    All claims alleged herein arise under California law for which

4

Plaintiffs seek relief authorized by California law.

14.     Plaintiffs' proposed class consists of and is defined as follows:

Class

All current and former flight attendants and pilots who worked for Defendant in the State of California from four years preceding the filing of this Complaint. plus 179 days before the filing of this complaint to the date of trial.[1]

15.     Members of the class described above will be collectively referred to as "class members."  Plaintiffs reserve the right to establish other or additional subclasses, or modify any class or subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

16.     Plaintiffs also seek to certify the following subclass of employees:

Subclass

All members of the class who separated their employment from Defendant from three years preceding the filing of this Complaint.

17.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the class that predominate over questions affecting only individual members including, but not limited to:

(a) Whether Defendant paid reporting time pay;

(b) Whether Defendant deprived Plaintiffs and class members of

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

FIRST AMENDED CLASS ACTION COMPLAINT

compliant meal periods or required Plaintiffs and class members to work through meal periods without compensation;

(c) Whether Defendant deprived Plaintiffs and class members of compliant rest breaks;

(d) Whether Defendant failed to reimburse Plaintiffs and class members for business expenses; and

(e) Whether Defendant engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

18.     There is a well-defined community of interest in this litigation and the class is readily ascertainable:

(a)     Numerosity:  The members of the class are so numerous that joinder of all members is impractical.  Although the members of the class are unknown to Plaintiffs at this time, on information and belief, the class is estimated to be greater than 100 individuals.   The identity of the class members are readily ascertainable by inspection of Defendant's employment and payroll records.

(b)     Commonality: The questions of law and fact raised by Plaintiffs' claims (and defenses, if any) are common to the class Plaintiffs seek to represent.

(c)     Typicality:  The claims (or defenses, if any) of Plaintiffs are typical of the claims (or defenses, if any) of the class because Defendant's failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay,

FIRST AMENDED CLASS ACTION COMPLAINT

benefits and other relief.  The injuries sustained by Plaintiffs are also typical of the injuries sustained by the class because they arise out of and are caused by Defendant's common course of conduct as alleged herein.

(d)     Adequacy:  Plaintiffs are qualified to, and will fairly and adequately represent and protect the interests of all members of the class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the class.  Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement.  Plaintiffs have incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(e)     Superiority: The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each class.  If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(f)     <u>Public Policy Considerations</u>:   Employers in the State of California and other states violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.   Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## FACTUAL ALLEGATIONS

19.     Plaintiff Darrell Hughes worked for Defendant from approximately November 2015 until August 2, 2022, as a flight attendant.

20.     Plaintiff Robin Goings has worked for Defendant since approximately 1994 as a flight attendant.

21.     On multiple occasions, Plaintiffs have reported for work at their home base airport only to not work their scheduled flight.  Moreover, while working as a "reserve" flight attendant, Plaintiffs have reported for work at their home airport base on a "standby" shift, where an employee is to wait on the ready, at the airport for four hours, in case he or she is needed.  On multiple occasions, Plaintiffs reported for their standby shift and did not work an actual flight.  Defendant did not properly pay reporting time penalties for such shifts as required by law.

22.     During a flight, Plaintiffs and the class are expected to be alert and on duty at all times for safety.  Plaintiffs and the class were expected to make safety

and service rounds of the aircraft approximately every fifteen (15) minutes.

23.    Plaintiffs and the class were regularly denied timely and compliant meal and rest breaks. For example, Plaintiffs regularly worked shifts over six (6) hours in length, but rarely received a thirty (30) minute meal break before the fifth hour. In fact, on many occasions, Plaintiffs were unable to eat at all while working for Defendant. Plaintiffs were only able to "eat on the go" while on duty for Defendant. Additionally, Plaintiffs rarely received a rest break while working for Defendant. Despite this, Defendant never compensated Plaintiffs or the class meal or rest period premiums for which they were entitled.

24.    Plaintiffs and the class were required to expend monies in direct consequence of their work for Defendant. For example, Plaintiffs were required to purchase and maintain uniforms from Defendant. Plaintiffs also were required to complete mandatory work training at home on either their personal computer or cellular phone. Defendant failed to reimburse Plaintiffs for any of these expenses.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY REPORTING TIME PAY

### (Violation of Labor Code § 1198; Violation of IWC Wage Order 9)

25.    Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

26.    Cal Labor Code § 1198 prohibits employers from violating the IWC Wage Orders.

27.    Section 5 of the applicable IWC Wage Order requires that on each workday that an employee reports for work as scheduled but is not put to work or is furnished less than half of the employee's usual or scheduled day's work, the

employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours at the employee's regular rate of pay, which shall not be less than the minimum wage.  Section 5 of the applicable Wage Order denominates this as "Reporting Time Pay."

28.     During the class Period, Plaintiffs and class members were required to report to work but were not put to work and would be sent home early. Accordingly, for those times that Plaintiffs and class members were required to report to work but were not put to work or were furnished with less than half of their usual scheduled day's work, Plaintiffs and class members are entitled to recover from Defendant compensation for half a day's work, plus interest thereon, together with their reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

29.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

30.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

31.     Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

32.     Labor Code § 512(a) provides that an employer may not require, cause

or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

33.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

34.    During the relevant time period, Plaintiffs and class members did not receive compliant meal periods for each five hours worked per day or a second meal period for every ten hours worked.  Specifically, Plaintiffs and class members were regularly required to consistently work through their meal periods, regularly had their meal periods interrupted, were provided with meal periods that were often less than thirty minutes, and/or were regularly provided with meal periods after the end of the fifth hour of their shifts.

35.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

36.    At all relevant times, Defendant failed to pay Plaintiffs and class members all meal period premiums due for meal period violations pursuant to

Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

37.     As a result of Defendant's failure to pay Plaintiffs and class members an additional hour of pay for each day a meal period was not provided, Plaintiffs and class members suffered and continue to suffer a loss of wages and compensation.

**THIRD CAUSE OF ACTION**

**FAILURE TO PERMIT REST BREAKS**

**(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)**

38.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

39.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

40.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

41.     During the relevant time period, Plaintiffs and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked.

42.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is

not provided.

43.    At all relevant times, Defendant failed to pay Plaintiffs and class members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

44.    As a result of Defendant's failure to pay Plaintiffs and class members an additional hour of pay for each day a rest period was not provided, Plaintiffs and class members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**(Violation of Labor Code §§ 2800, 2802, and the Applicable IWC Wage Order § 9)**

45.    Plaintiffs re-allege and incorporate by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

46.    Labor Code § 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

47.    Labor Code § 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

48.    Further, Labor Code § 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

49.    The Applicable IWC Wage Order § 9 provides that: "When uniforms

are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer". Additionally, it provides "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer…."

50.    California Labor Code section 2804 mandates that this statutory right cannot be waived.

51.    During the relevant time period, Defendant was required to indemnify and reimburse Plaintiffs and members of the Plaintiffs class for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties, but failed to indemnify and reimburse Plaintiffs and members of the Plaintiffs class.

52.    As a direct and proximate result, Plaintiffs and members of the Plaintiffs class have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

53.    Accordingly, Plaintiffs and members of the Plaintiffs class are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper. *See* Cal. Lab. Code § 2802, *see also*, Cal. Civ. Proc. Code § 1021.5.

54.    Plaintiffs, on behalf of themselves and members of the Plaintiffs

class, request relief as described below.

## FIFTH CAUSE OF ACTION

## FAILURE TO KEEP ACCURATE PAYROLL RECORDS

### (Violation of California Labor Code §§ 1174 & 1174.5)

55.     Plaintiffs re-allege and incorporate by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

56.     Labor Code § 1174 requires Defendant to maintain payroll records showing the actual hours worked daily by Plaintiffs and the class members.

57.     Defendant knowingly, intentionally, and willfully has failed to maintain payroll records showing the actual hours worked by Plaintiffs and the class members as required by California Labor Code § 1174 and in violation of § 1174.5. As a direct result of Defendant's failure to maintain payroll records, Plaintiffs and the class members have suffered actual economic harm as they have been precluded from accurately monitoring the number of hours they have worked as compared with what they were paid. As a direct and proximate result of the unlawful acts and omissions of Defendant, Plaintiffs and the class members are entitled to recover damages and penalties in an amount to be determined at trial, plus interest, attorneys' fees, and costs of suit

## SIXTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### (Violation of Labor Code §§ 201-203)

58.     Plaintiffs re-allege and incorporate by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

59.     California Labor Code §§ 201 and 202 provide that if an employer

discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves her employment, her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of her intention to quit, in which case the employee is entitled to her wages at the time of quitting.

60.     During the relevant time period, Defendant willfully failed to pay Plaintiffs and subclass members all their earned wages upon termination including, but not limited to, proper sick pay at the regular rate of pay, meal and rest break premiums at the regular rate of pay, minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of heir leaving Defendant's employ.

61.     Defendant's failure to pay Plaintiffs and subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ is in violation of Labor Code §§ 201 and 202.

62.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

63.     Plaintiffs and subclass members are entitled to recover from Defendant the statutory penalty which is defined as Plaintiffs' and subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

64.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

65.    Defendant's conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiffs and class members.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

66.    Defendant's activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

67.    A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

68.    Defendant's policies and practices have violated state law in at least the following respects:

69.    Violation of Labor Code §§ 201, 202, 203, for failure to timely pay all earned wages owed to Plaintiffs and other aggrieved employees upon separation of employment as herein alleged;

70.    Failing to pay reporting time pay in violation of Labor Code § 1198;

71.    Failing to provide timely meal periods without paying Plaintiffs and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

72.    Failing to authorize or permit rest breaks without paying Plaintiffs

and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7; and

73.     Failing to keep accurate payroll records in violation of Labor Code §§ 1174 and 1174.5.

74.     Defendant intentionally avoided paying Plaintiffs and class members' wages and monies, thereby creating for Defendant an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

75.     Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiffs and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendant during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

76.     For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendant a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendant violated these provisions of the Labor Code.

77.     Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiffs are entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

78.     Plaintiffs, as representatives of the general public, seeks to recover all Labor Code section 2699(f)(2) civil penalties for each Labor Code violation alleged

herein, according to proof, as to those penalties otherwise only available in public agency enforcement actions. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

79.     For bringing this action, Plaintiffs are entitled to attorney's fees and costs incurred herein.

## PRAYER FOR RELIEF

Plaintiffs, on their own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendant, jointly and severally, as follows:

1.     For certification of this action as a class action, including certifying the class and subclass alleged by Plaintiff;

2.     For appointment of Darrell Hughes as the class representative;

3.     For appointment of Lebe Law, APLC as class counsel for all purposes;

4.     For compensatory damages in an amount according to proof with interest thereon;

5.     For economic and/or special damages in an amount according to proof with interest thereon;

6.     To pay all reporting time pay as required by law, in an amount according to proof;

7.     To pay all meal period premiums for failure to provide off-duty meal periods as required by law, in an amount according to proof;

8.     To pay all rest period premiums for failure to provide paid 10-minute rest periods as required by law, in an amount according to proof;

FIRST AMENDED CLASS ACTION COMPLAINT

9.    For reimbursement of unpaid business expenses, in accordance with Labor Code section 2802;

10.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 1194;

11.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

12.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

13.    For an order requiring Defendant to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

14.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

15.    For injunctive relief;

16.    For pre-judgment interest; and

17.    For such other relief as the Court deems just and proper.

/ / /

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT

DATED:  July 18, 2023          **LEBE LAW, APLC**

By: _/s/ Jonathan M. Lebe_

Jonathan M. Lebe
Chancellor D. Nobles
Brielle D. Edborg
Attorneys for Plaintiffs Darrell Hughes
and       Robin Goings,
Individually and on behalf of all others
similarly situated

///

///

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.

DATED:  July 18, 2023                    **LEBE LAW, APLC**


By: _/s/ Jonathan M. Lebe_____
     Jonathan M. Lebe
     Chancellor D. Nobles
     Brielle D. Edborg
     Attorneys for Plaintiffs Darrell Hughes
     and Robin Goings,
     Individually and on behalf of all others
     similarly situated

FIRST AMENDED CLASS ACTION COMPLAINT