Donald J. Munro (*Pro Hac Vice)*
dmunro@jonesday.com
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Amanda C. Sommerfeld (SBN. 185052)
asommerfeld@jonesday.com
Aracely Abarca (SBN. 324281)
aabarca@jonesday.com
**JONES DAY**
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Renee Pauline T. Perez (SBN 339045)
rpperez@jonesday.com
**JONES DAY**
555 California Street, 26th Floor
San Francisco, CA 94104.1503
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRELL HUGHES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNITED AIRLINES, INC.; and DOES 1 through 20, inclusive,

Defendants.

Case No. 3:22-cv-08967-LB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNITED AIRLINES, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Hearing Information:
Date: October 26, 2023
Time: 9:30 a.m.
Location: Zoom



NAI-1537945798v5

## TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 4

(A) UNITED IS ENTITLED TO JUDGMENT ON PLAINTIFFS' REPORTING TIME PAY CLAIM (CAUSE OF ACTION 1), BECAUSE UNITED IS EXEMPT UNDER WAGE ORDER 9 ..... 4

(B) UNITED IS ENTITLED TO PARTIAL JUDGMENT ON PLAINTIFFS' CLAIM FOR FAILURE TO REIMBURSE BUSINESS EXPENSES (CAUSE OF ACTION 4) ..... 6

(C) UNITED IS ENTITLED TO JUDGMENT ON PLAINTIFF'S PAYROLL RECORDS CLAIM (CAUSE OF ACTION 5), BECAUSE PLAINTIFFS HAVE NO PRIVATE RIGHT OF ACTION AND FAIL TO STATE A CLAIM ..... 7

1. THERE IS NO PRIVATE RIGHT OF ACTION TO ENFORCE LABOR CODE §§ 1174 AND 1174.5 ..... 7

2. PLAINTIFFS FAIL TO STATE A CLAIM UNDER § 1174 ..... 10

(D) UNITED IS ENTITLED TO PARTIAL JUDGMENT ON PLAINTIFF'S UCL CLAIM (CAUSE OF ACTION 7) ..... 11

(E) THE REQUEST FOR INJUNCTIVE RELIEF AS TO THE MEAL AND REST BREAK CLAIMS (CAUSES OF ACTION 2 AND 3) MUST BE DISMISSED ..... 12

V. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Alexander v. Sandoval*,
532 U.S. 275 (2001) .......... 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4

*Brinker Rest. Corp. v. Superior Ct.*,
273 P.3d 513 (Cal. 2012) .......... 8

*Byrd v. Masonite Corp.*,
215 F. Supp. 3d 859 (C.D. Cal. 2016) .......... 12

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047,
1054 n.4 (9th Cir. 2011) .......... 4

*Cardenas v. McLane FoodService, Inc.*,
2010 WL 11465450 (C.D. Cal. Oct. 25, 2010) .......... 12

*Chavez v. United States*,
683 F.3d 1102 (9th Cir. 2012) .......... 4

*Cleveland v. Groceryworks.com, LLC*,
200 F. Supp. 3d 924 (N.D. Cal. 2016) .......... 9, 12

*Cordell v. PICC Lines Plus LLC*,
2016 WL 4702654 .......... 8, 10

*Dawson v. HITCO Carbon Composites, Inc.*,
2017 WL 7806618 (C.D. Cal. Jan. 20, 2017) .......... 8, 10

*Dockery v. Citizens Telecom Servs. Co., LLC.*,
2023 WL 2752482 (E.D. Cal. Mar. 31, 2023) .................................................. 12

*Graves v. DJO, LLC*,
2023 WL 3565077 (S.D. Cal. Mar. 30, 2023).................................................. 10

*Guerra v. United Nat. Foods, Inc.*,
2019 WL 13203781 (N.D. Cal. Nov. 8, 2019).................................................. 10

*Herrera v. Zumiez, Inc.*,
953 F.3d 1063 (9th Cir. 2020)........................................................................ 10

*Horowitz v. SkyWest Airlines, Inc.*,
2021 WL 4079184, at *2 (N.D. Cal. Sept. 8, 2021)............................................ 5

*Huynh v. Jabil Inc.*,
2023 WL 1802417 (N.D. Cal. Feb. 7, 2023)........................................................ 9

*Julian v. Mission Cmty. Hosp.*,
218 Cal. Rptr. 3d 38 (Cal. App. 2017) .............................................................. 8

*Kemp v. IBM Corp.*,
2010 WL 4698490 (N.D. Cal. Nov. 8, 2010).................................................... 11

*Lu v. Hawaiian Gardens Casino, Inc.*,
236 P.3d 346 (Cal. 2010)............................................................................ 7, 8

*McKenzie v. Fed. Exp. Corp.*,
765 F. Supp. 2d 1222 (C.D. Cal. 2011)............................................................... 6

*Monsanto Co. v. Geertson Seed Farms*,
561 U.S. 139 (2010) ........................................................................................ 13

*Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*,
414 U.S. 453 (1974) .......................................................................................... 9

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*,
2019 WL 5618169 (E.D. Cal. Oct. 31, 2019) ...................................................... 9

*Pineda v. Bank of America, N.A.*,
241 P.3d 870 (Cal. 2010) .......... 12

*Suarez v. Bank of Am. Corp.*,
2018 WL 2431473 (N.D. Cal. May 30, 2018) .......... 9

*Vasquez v. Solo 1 Kustoms, Inc.*,
237 Cal. Rptr. 3d 851 (Cal. App. 2018) .......... 7

*Verduzco v. French Art Network LLC*,
2023 WL 4626934 (N.D. Cal. July 18, 2023) .......... 10

*Ward v. United Airlines, Inc.*,
466 P.3d 309 (Cal. 2020) .......... 5, 6, 9, 10

*Whitaker v. Tesla Motors, Inc.*,
985 F.3d 1173 (9th Cir. 2021) .......... 4, 11

*Yagman v. Garcetti*,
852 F.3d 859 (9th Cir. 2017) .......... 4

**STATUTES**

45 U.S.C. §§ 151 *et seq.* .......... 5

Cal. Code Regs. Title 8, § 11090(1)(E) .......... 5, 7

Cal. Code Regs. Title 8, § 11090(5)(A) .......... 5

Cal. Code Regs., Title 8, § 11090(7)(B) .......... 9

Cal. Code Regs. Title 8, § 11090(9)(A) .......... 7

Cal. Lab. Code § 203 .......... 12

Cal. Lab.Code § 218 .......... 8

Cal. Lab. Code § 226(a) .......... 9

Cal. Lab. Code § 512 .......... 1, 13

Cal. Lab. Code § 512.2(a)(1), (b) .......... 13

Cal. Lab. Code § 1174(a) .......... 8

Cal. Lab. Code § 1174(c), (d) .......... 8

Cal. Lab. Code § 1173 .......... 8, 9

Cal. Lab. Code § 1174 .......... passim

Cal. Lab. Code § 1174.5 .......... 7, 8, 9, 10, 12

Cal. Lab. Code § 1198 .......... 6

California's Unfair Competition Law .......... 2, 11, 12, 14

**OTHER AUTHORITIES**

Cal. Labor Code &Wage Order 9 .......... 1, 2, 5, 6, 7, 9

Fed. R. Civ. P. 8 .......... 4

Fed. R. Civ. P. 9 .......... 3

Fed. R. Civ. P. 12(b)(6) .......... 4

Fed. R. Civ. P. 12(c) .......... 4

# I. INTRODUCTION

In their First Amended Complaint ("FAC"), Plaintiffs Darrell Hughes and Robin Goings allege a hodgepodge of violations of the Labor Code and Wage Order 9 (the wage order governing transportation), against defendant United Airlines, Inc. ("United"). They complain about at least seven different aspects of United's compensation practices for two different work groups (pilots and flight attendants), covering everything from reporting time pay, to meal and rest breaks, to business expense reimbursements, to payroll records.

In this motion, United seeks to narrow the range and complexity of the claims and issues presented in this case. United maintains that *all* of Plaintiffs' claims lack merit and intends to show as much at the appropriate time. However, several of Plaintiffs' claims (or portions thereof) are deficient as a matter of law – even taking all of their factual allegations as true – and so need not wait for discovery or summary judgment. Granting judgment to United on the following issues will pare this case down to a more manageable set of claims:

The *first* cause of action alleges that United failed to pay Plaintiffs "reporting time pay," that is, pay for a workday in which an employee reports for work but is not put to work or is furnished less than a half day's work. That claim rests entirely on Section 5 of Wage Order 9. United is exempt from Section 5, however, under that provision's Railway Labor Act ("RLA") exemption. United is therefore entitled to judgment on Plaintiffs' first cause of action *in full*.

The *second* and *third* causes of action allege that United failed to provide meal and rest periods to employees. The newly enacted Labor Code § 512.2 provides for an exemption from California's meal and rest break requirements for cabin crew employees covered by a collective bargaining agreement under the RLA. United is therefore entitled to judgment on Plaintiffs' request for injunctive relief insofar as such relief is related to meal and rest breaks for cabin crew.

The *fourth* cause of action alleges that United failed to reimburse Plaintiffs for

certain business expenses. That claim rests in part on Section 9 of Wage Order 9. United is exempt from Section 9, however, under the wage order's RLA exemption. United is therefore entitled to judgment on Plaintiffs' fourth cause of action *in part*, insofar as it rests on Section 9 of Wage Order 9.

The *fifth* cause of action alleges that United failed to keep accurate payroll records, in violation of Labor Code §§ 1174 and 1174.5. But those provisions were enacted for the benefit of the Industrial Wage Commission ("IWC"), not for employees, and there is no private cause of action to enforce them. Even if there were, the FAC fails to include sufficient factual allegations about United's purportedly deficient records to state a claim. United is therefore entitled to judgment on Plaintiffs' fifth cause of action *in full*.[1]

The *seventh* cause of action asserts that violations alleged in the preceding six causes of action also constitute unfair business practices under California's Unfair Competition Law ("UCL"). Because Plaintiffs' UCL claim is derivative of their other claims, judgment must be granted on the UCL claim to the extent judgment is granted on Plaintiffs' first and/or fifth causes of action. Furthermore, the UCL provides only for restitutionary remedies, so Plaintiffs cannot recover under the UCL statutory penalties for waiting time violations or recordkeeping violations. United is therefore entitled to judgment on the seventh cause of action *in part*.

In sum, United seeks judgment on the pleadings *in full* as to Plaintiffs' First and Fifth Causes of Action and *in part* as to the Second, Third, Fourth and Seventh Causes of Action. Granting judgment on these claims will streamline these proceedings, thereby reducing the burden of this litigation for both the parties and the Court.

## II. BACKGROUND

On October 27, 2022, Plaintiff Hughes filed a complaint against United in the

[1] The *sixth* cause of action, alleging that United is liable for "waiting time penalties," is not at issue in this motion.

Superior Court of the State of California for the County of Alameda asserting seven causes of action and various requests for relief. On December 19, 2022, United timely removed the case to federal court in the Northern District of California. *See* ECF No. 1.

On July 18, 2023, Plaintiffs filed the FAC, which added Ms. Goings as a named Plaintiff and added a request for injunctive relief. Plaintiffs are suing on their own behalf and on behalf of "[a]ll current and former flight attendants and pilots who worked for Defendant in the State of California from four years preceding the filing of this Complaint."[2] FAC ¶ 14.

United is an international airline that previously employed Mr. Hughes and currently employees Ms. Goings. FAC ¶ 3. Mr. Hughes was employed as a flight attendant for United from approximately November 2015 to August 2, 2022. *Id.* at ¶ 19. Ms. Goings has worked as a flight attendant for United since approximately 1994. *Id.* at ¶ 20. Neither Mr. Hughes nor Ms. Goings has ever been employed as a pilot for United. *Id.* at ¶¶ 19-20.

United's flight attendants are represented in collective bargaining by the Association of Flight Attendants – CWA. *See* Request for Judicial Notice ("RJN") ¶ 1, Ex. A at § 1(A), p.1. The Association of Flight Attendants – CWA negotiates a nationwide collective bargaining agreement with United that governs the "rates of pay, rules and working conditions" for the flight attendants, "in accordance with the Railway Labor Act." *Id.* at § 1(A), p.1. The current agreement applicable to the flight attendants—the "Flight Attendant Agreement"—has been in effect since August 28, 2016. *Id.* at § 32, p.278.

United's pilots are represented in collective bargaining by the Air Line Pilots

[2] The FAC attempts to improperly extend the applicable statute of limitations period by seeking to represent a class from May 1, 2018 to the present pursuant to California Rules of Court Emergency Rule 9. *See* FAC ¶ 14. However, Emergency Rule 9 does not extend the statute of limitations period but rather only tolls the limitations period to file a lawsuit. Thus, the applicable putative class period is from October 27, 2018 to the present.

Association. *See* RJN ¶ 2, Ex. B at § 1-A, p.9. The pilots' employment is also governed by a nationwide collective bargaining agreement—the "Pilot Agreement"—negotiated under the RLA. *Id.* Throughout the relevant time period, United's pilots have been covered by this agreement. *Id.* at § 25-A, p.353.

## III. LEGAL STANDARD

"Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (cleaned up); *accord Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

The standard under Rule 12(b)(6) provides that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plaintiff must "provide the grounds of [their] entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.'" *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citation omitted).

A court may dismiss a complaint without leave to amend if the "pleading could not possibly be cured by the allegation of other facts." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (citation omitted).

## IV. ARGUMENT

### (A) United Is Entitled to Judgment on Plaintiffs' Reporting Time Pay Claim (Cause Of Action 1), Because United Is Exempt Under Wage Order 9.

Plaintiffs' first cause of action – alleging failure to provide reporting time pay

– rests entirely on Section 5 of Wage Order 9. *See* FAC ¶ 27. That section provides that an employee who is required to report to work but is not put to work (or is furnished less than half a day's work) must be paid for half a day's work of at least two hours of wages, but no more than four hours of wages. Cal. Code Regs. tit. 8, § 11090(5)(A).

Wage Order 9 contains an express exemption for certain employers covered by the RLA. It states: "Except as provided in Sections 4, 10, 11, 12, and 20 through 22, this order shall not be deemed to cover those employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the [RLA], 45 U.S.C. Sections 151 *et seq.*" Cal. Code Regs. tit. 8, § 11090(1)(E). The IWC added the RLA exemption in 1976, in recognition that "it would be difficult to enforce standards for employees crossing state lines and that the exempted employees were better protected by their collective bargaining agreements pursuant to the [RLA]." *Ward v. United Airlines, Inc.*, 466 P.3d 309, 314 (Cal. 2020) (citation omitted). Because Section 5 is not one of the excepted sections, the exemption applies if its conditions are met.

Those conditions are met here because the pilots and flight attendants – the two work groups at issue in the FAC – have entered into collective bargaining agreements with United.[3] Those agreements qualify for the exemption in Wage Order 9 because they "concern[] rates of pay, rules, and working conditions" and apply to United, a "common carrier by air engaged in interstate or foreign commerce." *Horowitz v. SkyWest Airlines, Inc.*, 2021 WL 4079184, at *2 (N.D. Cal. Sept. 8, 2021) (quoting 45 U.S.C. § 152, subd. 1; 45 U.S.C. § 181). *See also* RJN Ex. 1 at § 1(A), p.1 (Flight Attendant Agreement covers "rates of pay, rules and

[3] United has concurrently submitted a request for judicial notice of the Flight Attendant Agreement and Pilot Agreement. In short, the Court may take judicial notice of a collective bargaining agreement where the complaint necessarily relies on it and where "the plaintiff does not dispute the document's authenticity." *Horowitz v. SkyWest Airlines, Inc.*, 2021 WL 4079184, at *2 (N.D. Cal. Sept. 8, 2021) (taking judicial notice of collective bargaining agreement and applying RLA exemption to Wage Order 9).

working conditions, in accordance with the Railway Labor Act"); RJN Ex. 2 at § 1-A, p.9 (Pilot Agreement covers "hours of labor, wages and other employment conditions… in accordance with the provisions of Title II of the [RLA]"). Indeed, the California Supreme Court's recent decision in *Ward v. United Airlines* expressly recognizes that Wage Order 9's RLA exemption applies to United because "United pilots and flight attendants are parties to such a collective bargaining agreement." 466 P.3d at 312; *see also id.* at 313 ("it is undisputed that United need not comply with the itemized statement requirements *of the wage order*") (emphasis added).

Because both Plaintiffs are covered by collective bargaining agreements under the RLA, Wage Order 9's RLA exemption applies to Plaintiffs' claim for reporting time pay under Section 5 of the Order. Thus, the first cause of action must be dismissed.

To be sure, Plaintiffs also refer to California Labor Code § 1198 in their first cause of action. *See* FAC ¶ 26. However, Section 1198 contains no substantive requirements; it merely provides that a violation of a wage order's provisions regarding "maximum hours or work and the standard conditions of labor" constitutes a statutory violation. Cal. Lab. Code § 1198. Nor, in any case, does reporting time pay—a form of wages—relate to "maximum hours" or "conditions of labor." *See McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1235–36 (C.D. Cal. 2011) ("Because a requirement to provide the inclusive dates in a wage statement relates to the 'wages' category, rather than 'hours' or 'working conditions,' it falls outside the purview of Section 1198."). Thus, Plaintiffs' reference to Section 1198 cannot save their claim from the operation of the RLA exemption.

**(B) United Is Entitled to Partial Judgment on Plaintiffs' Claim For Failure to Reimburse Business Expenses (Cause Of Action 4).**

Plaintiffs' fourth cause of action, alleging failure to reimburse business expenses, rests in part on Section 9 of Wage Order 9. *See* FAC ¶ 49. That section provides, among other things, that required uniforms "shall be provided and

maintained by the employer." Cal. Code Regs. Tit. 8, § 11090(9)(A). Again, however, the RLA exemption applies; Section 9 is not one of the excepted sections. *See* Cal. Code Regs. tit. 8, § 11090(1)(E). United is therefore entitled to judgment on Plaintiff's claim for failure to reimburse business expenses *to the extent that claim is premised on Wage Order 9*.

**(C) United Is Entitled to Judgment on Plaintiff's Payroll Records Claim (Cause Of Action 5), Because Plaintiffs Have No Private Right of Action and Fail to State a Claim.**

Plaintiffs' fifth cause of action alleges failure to maintain payroll records. It fails because there is no private right of action to enforce the relevant Labor Code provisions and because, in any case, Plaintiffs fail to state a claim on which relief could be granted.

***1. There is no private right of action to enforce Labor Code §§ 1174 and 1174.5.***

Plaintiffs ground their fifth cause of action in California Labor Code §§ 1174 and 1174.5, *see* FAC ¶¶ 56–57, but those sections were enacted for use by the IWC, not individual employees. Courts have therefore consistently held that there is no private right of action to enforce these sections of the Labor Code.

"A violation of a state statute does not necessarily give rise to a private cause of action. Instead, whether a party has a right to sue depends on whether the Legislature has 'manifested an intent to create such a private cause of action' under the statute." *Lu v. Hawaiian Gardens Casino, Inc.*, 236 P.3d 346, 348 (Cal. 2010) (citations omitted); *cf. also Alexander v. Sandoval*, 532 U.S. 275 (2001) ("Without [congressional intent], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute."). "The Legislature's intention to create a private cause of action must be *expressly stated* or *strongly implied* in the statutory language or legislative history." *Vasquez v. Solo 1 Kustoms, Inc.*, 237 Cal. Rptr. 3d 851, 855 (Cal. App. 2018) (emphasis added); *see also Lu*, 236 P.3d at 350 (finding no "clear indication" of the

Legislature's intent). For example, as *Lu* observes, Labor Code § 218 makes clear that employees do have a right of action to sue for wages, because its text expressly protects "the right of any wage claimant to sue directly or through an assignee for any wages." *See* 236 P.3d at 348 (citing Cal. Lab. Code § 218).

Here, neither § 1174 nor § 1174.5 contain any language expressly or implicitly providing for a private cause of action, in contrast to Labor Code § 218. *See Julian v. Mission Cmty. Hosp.*, 218 Cal. Rptr. 3d 38, 58 (Cal. App. 2017) ("Significantly, the fact the Legislature established private rights of action to remedy violations of these provisions, but not for violations of the provisions Julian alleged the defendants violated, is a strong indication Julian does not have a private right of action.").

Instead, the text of §§ 1174 and 1174.5, and of the surrounding sections, makes clear that those provisions were enacted to further the work of the IWC and not to create any private right or establish any private remedy for individual employees. The IWC was created to "to investigate various industries and promulgate wage orders fixing for each industry minimum wages, maximum hours of work, and conditions of labor." *Brinker Rest. Corp. v. Superior Ct.*, 273 P.3d 513, 527 (Cal. 2012). Section 1174 assists the IWC by putting a duty on employers to retain certain records related to wages. Cal. Lab. Code § 1174(c), (d). And it requires that employers "[f]urnish *to the commission*, at its request, reports or information *that the commission requires* to carry out this chapter." Cal. Lab. Code § 1174(a) (emphasis added). It also requires employers to "[a]llow any member *of the commission*" access in order to "make any investigation that *they* are authorized" to make. *Id.* § 1174(b) (emphasis added). "Commission" here means the "Industrial Welfare Commission." *Id.* § 1173(a).

Thus, as courts have observed, "[t]he plain language of section 1174 suggests that employers must maintain records for inspection by the Labor Commission, not by individual employees." *Cordell v. PICC Lines Plus LLC*, 2016 WL 4702654, at *10 (N.D. Cal. Sept. 8, 2016; *accord Dawson v. HITCO Carbon Composites, Inc.*,

2017 WL 7806618, at *7 (C.D. Cal. Jan. 20, 2017). Section 1174.5 similarly subjects employers to civil penalties if they fail to keep the records specified in § 1174 or fail "to allow *any member of the commission*… to inspect records." *Id.* § 1174.5 (emphasis added); *see also generally Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers,* 414 U.S. 453, 458 (1974) ("[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies."). The provisions surrounding § 1174 likewise center on the IWC, governing its duties, investigations, authority, and enforcement. *See*, *e.g.*, §§ 1173 (duties); 1176 (witnesses, subpoenas, enforcement), 1177 (rules of practice and procedure), 1178 (investigations), 1185 (validity and operation of orders), 1190 (judicial review); 1193.5 (enforcement authority).[4]

Because there is no express or implicit right of action provided under §§ 1174 and 1174.5, many courts have held that there is no private right of action to enforce them. *See Perez v. DNC Parks & Resorts at Asilomar, Inc.*, 2019 WL 5618169, at *9–10 (E.D. Cal. Oct. 31, 2019) (noting "substantial case law holding that § 1174 does not create a private right of action" and concluding "plaintiff's § 1174 claim must be dismissed with prejudice"); *Suarez v. Bank of Am. Corp.*, 2018 WL 2431473, at *10 (N.D. Cal. May 30, 2018) ("Plaintiff does not address the numerous cases finding section 1174 does not confer a private right of action."); *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016) ("Groceryworks argues that this claim fails as a matter of law because California Labor Code section 1174 does not contemplate a private right of action. Groceryworks is correct."); *accord Huynh v. Jabil Inc.*, 2023 WL 1802417, at *6

---

[4] By contrast, the Labor Code's wage-statement requirements expressly benefit employees and expressly provide that employees may sue to enforce. See Cal. Lab. Code § 226(a) (requiring an employer to "furnish to his or her employee" wage statements with certain information); id. § 226(e)(1) (providing for action for recovery of damages); Cal. Code Regs., tit. 8, § 11090(7)(B) (similar requirement to "furnish" information imposed by Wage Order 9); see also Ward, 466 P.3d at 312–13 (examining wage-statement requirements under California Labor Code and Wage Order 9).

(N.D. Cal. Feb. 7, 2023); *Guerra v. United Nat. Foods, Inc.*, 2019 WL 13203781, at *10 (N.D. Cal. Nov. 8, 2019); *Dawson*, 2017 WL 7806618, at *7; *Cordell*, 2016 WL 4702654, at *10.

The Ninth Circuit's decision in *Herrera v. Zumiez, Inc.*, 953 F.3d 1063 (9th Cir. 2020), does not require a contrary result. There, the court stated, in a footnote and without citation to any authority, that "[p]laintiffs have a private right of action to enforce a statute, such as section 1174.5, that requires compliance with a wage order." *Id.* at 1075 n.6. That statement is clearly dicta. The Ninth Circuit faulted the plaintiff for raising the issue "for the first time on appeal" and held that, in any case, the parties had already agreed that the recordkeeping claim "rises or falls with other claims." *Herrera*, 953 F.3d at 1075 n.6. Thus, its conclusory statement that there was a private right of action, which it gave as a second reason—"moreover"—was not necessary to its decision. *See id.* Moreover, even if this were not just a passing comment, the reasoning would not apply here. The plaintiff in *Herrera* rooted his claim "in Cal. Labor Code § 1174.5 and Wage Order 7," and the Ninth Circuit's holding depended on the fact that the claim "requires compliance with a wage order." *Id.* Here, in contrast, Plaintiffs do not allege a violation of the wage-statement requirements in Wage Order 9. (Nor could they, because United is exempt from Wage Order 9's wage-statement requirements. *Ward*, 466 P.3d at 312–13.). No court since *Herrera* has cited *Herrera* for the proposition that employees have a private right of action under §§ 1174 or 1174.5. Meanwhile, courts have continued to hold that there is not. *See, e.g.*, *Verduzco v. French Art Network LLC*, 2023 WL 4626934, at *3 (N.D. Cal. July 18, 2023); *Graves v. DJO, LLC*, 2023 WL 3565077, at *13 (S.D. Cal. Mar. 30, 2023).

Because there is no private right of action under §§ 1174 or 1174.5, United is entitled to judgment on Plaintiffs' fifth cause of action.

### 2. *Plaintiffs fail to state a claim under § 1174.*

Even if Plaintiffs did have any individual right and remedy under § 1174, the

FAC's conclusory allegations fail to state a claim on which relief could be granted. The FAC alleges that United "willfully has failed to maintain payroll records showing the actual hours worked by Plaintiffs" and, therefore, "that they have suffered actual economic harm as they have been precluded from accurately monitoring the number of hours they have worked as compared with what they were paid." FAC ¶ 57. Plaintiffs' allegations fall far short of plausibility, failing to answer even "basic questions" about the claim. *See Whitaker*, 985 F.3d at 1177.

The assertion that United failed to maintain records of "hours worked" simply mirrors the text of Labor Code § 1174(d). Such an allegation is "no more than [a] conclusion" and "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Plaintiffs offer not one detail about this alleged deficiency in United's records, such as what United's records do contain and how that information supposedly falls short of the statute's requirements. Indeed, it appears that Plaintiffs have never seen—or even attempted to see—United's records. But Plaintiffs "cannot 'unlock the doors of discovery' regarding [United's] record-keeping without providing some specific facts that would assure the court that there is some plausible basis for liability." *Kemp v. IBM Corp.*, 2010 WL 4698490, at *4 (N.D. Cal. Nov. 8, 2010).

Plaintiffs' claim they were prevented from "monitoring" the number of "hours worked" is even more conclusory. The FAC never once alleges that they requested any particular records, nor that United refused any such request.[5] *See id.* ("Kemp does not allege that he ever requested employment records from IBM or that he undertook any good faith investigation into the existence of those records."). Finally, Plaintiffs do not plausibly allege harm, because they do not allege that they lacked any particular information regarding hours worked.

**(D) United Is Entitled to Partial Judgment on Plaintiff's UCL Claim (Cause Of Action 7).**

In Plaintiffs' seventh and final cause of action, they recharacterize many of

[5] This alternative argument assumes, again, that Plaintiffs had a right to request records under § 1174. They do not, as explained above.

their other claims as violations of California's Unfair Competition Law ("UCL"). *See* FAC ¶¶ 69–73. Thus, to the extent the Court grants judgment to United on any of those underlying claims, judgment should also be granted to United on Plaintiffs' derivative UCL claim. *See Cleveland*, 200 F. Supp. 3d at 961.

Furthermore, under the UCL, "a private plaintiff's remedies are generally limited to injunctive relief and restitution." *Pineda v. Bank of America, N.A.*, 241 P.3d 870, 878 (Cal. 2010) (cleaned up). Consequently, claims for non-wage penalties are not recoverable because such penalties are "not designed to compensate employees for work performed" but to "punish employers," so employees have no "vested interest in such penalties. *Id.* Here, United is entitled to judgment on Plaintiffs' UCL claim for waiting-time penalties under Labor Code § 203, because the California Supreme Court has held that § 203 penalties specifically "cannot be recovered as restitution under the UCL." *Pineda*, 241 P.3d at 878–79.

United is also entitled to judgment on Plaintiffs' UCL claim for civil penalties provided for in § 1174.5, for United's alleged recordkeeping violations, because such penalties similarly are "not designed to compensate employees for work performed," but to "punish" employers for recordkeeping violations. *See Pineda*, 241 P.3d at 878–79; *see also Cardenas v. McLane FoodService, Inc.*, 2010 WL 11465450, at *11 (C.D. Cal. Oct. 25, 2010) ("Plaintiffs' UCL claim must also be stricken to the extent it seeks to recover statutory penalties provided for under Cal. Labor Code § 1174.5. … The amount provided for under section 1174.5 is clearly a penalty, both because it is unrelated to the amount of harm suffered by any employee and because the statute identifies the amount as a 'civil penalty.'"); *Dockery v. Citizens Telecom Servs. Co., LLC.*, 2023 WL 2752482, at *5 (E.D. Cal. Mar. 31, 2023) (same); *Byrd v. Masonite Corp.*, 215 F. Supp. 3d 859, 864–65 (C.D. Cal. 2016) (same).

### (E) The Request For Injunctive Relief *As To The Meal And Rest Break Claims* (Causes Of Action 2 And 3) Must Be Dismissed.

The FAC seeks injunctive relief as to all the claims asserted, including the meal

and rest break claims. *See* FAC Prayer for Relief ¶ 15. However, injunctive relief as to the meal and rest break claims is not available for flight attendants in light of the passage of Labor Code § 512.2.

A plaintiff seeking a permanent injunction must show among other things that, without the injunction, the plaintiff "will suffer irreparable injury." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 162 (2010). Consequently, an injunction is not appropriate where the defendant's actions would "not cause respondents any injury at all, much less irreparable injury." *Id.*

In light of the newly enacted § 512.2, Plaintiffs cannot show that flight attendants will suffer any legal injury at all. That section provides that meal and break requirements do not apply to an "airline cabin crew employee" covered by a collective bargaining agreement under the RLA, if the agreement "address[es] meal and rest period for airline cabin crew employees," meaning that the agreement "contains *any provision* providing for meal and rest periods." Cal. Lab. Code § 512.2(a)(1), (b) (emphasis added).[6]

Here, noted above and in United's contemporaneous request for judicial notice, United flight attendants are governed by a collective bargaining agreement under the RLA, and that agreement expressly addresses meal and rest periods. *See* Flight Attendant Agreement, RJN Ex. 1 at § 5(A)(3), p.36–37 (governing timing and provision of meals); *id.* at § 3(DD), p.25–27 (providing for rest breaks varying by type of flight and aircraft). United is therefore entitled to judgment on the pleadings on Plaintiffs' request for injunctive relief as to Plaintiffs' meal and rest break claims for flight attendants.

## V. CONCLUSION

For the reasons discussed herein, United respectfully requests that the Court

[6] Section 512.2 applies only to "airline cabin crew" employees, which includes flight attendants. Section 512.2 does not extend to pilots because pilots are already exempt from California meal and rest break requirements, as United will show in a future motion.

grant judgment on the pleadings for the following claims: (1) the first cause of action for reporting time pay in its entirety; (2) the fourth cause of action for reimbursement of business expenses in part; (3) the fifth cause of action for failure to keep accurate payroll records in its entirety; (4) the seventh cause of action under the UCL in part; and (5) the request for injunctive relief in part.

Dated: September 15, 2023

Respectfully submitted,

JONES DAY

By: */s/ Amanda Sommerfeld*
Amanda Sommerfeld

Counsel for Defendant
UNITED AIRLINES, INC.