Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Chancellor D. Nobles (State Bar No. 330081)
Chancellor@lebelaw.com
Brielle D. Edborg (State Bar No. 347579)
Brielle@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973

Attorneys for Plaintiffs
DARRELL HUGHES and ROBIN GOINGS,
Individually and on behalf of all others similarly situated

*[counsel for Defendant on following page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HUGHES and ROBIN GOINGS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | Case No. 3:22-cv-08967-LB<br><br>**DISCOVERY MATTER**<br><br>**CLASS ACTION**<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE OVER DEFENDANT UNITED AIRLINES, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**<br><br>FAC Filed: July 18, 2023 |

**JOINT STATEMENT REGARDING DISCOVERY DISPUTE OVER DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

| | |
|---|---|
| 1 | Donald J. Munro (*Pro Hac Vice*) |
| 2 | dmunro@jonesday.com<br>**JONES DAY** |
| 3 | 51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113 |
| 4 | Tel: (202) 879-3939; Fax: (202) 626-1700 |
| 5 | Amanda C. Sommerfeld (State Bar No. 185052)<br>asommerfeld@jonesday.com |
| 6 | **JONES DAY**<br>555 South Flower Street, 50TH Fl. |
| 7 | Los Angeles, California 90071.2452<br>Tel: (213) 489-3939; Fax: (213) 243-2539 |
| 8 | |
| 9 | Renee Pauline T. Perez (State Bar No. 339045)<br>rpperez@jonesday.com |
| 10 | **JONES DAY**<br>555 California Street, 26th Fl. |
| 11 | San Francisco, California 94104.1503<br>Tel: (415) 626-3939; Fax: (415) 875-5700 |
| 12 | |
| 13 | Attorneys for Defendant<br>UNITED AIRLINES, INC. |

1

**JOINT STATEMENT REGARDING  DISCOVERY DISPUTE OVER DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

Plaintiffs Darrell Hughes and Robin Goings, individually and on behalf of other similarly situated individuals ("Plaintiffs"), and Defendant United Airlines, Inc. ("Defendant" or "United") through their respective counsel (collectively, the "Parties"), submit to the Court this Joint Statement Regarding Defendant's Responses to Plaintiffs' First Set of Discovery Requests.

## I. PLAINTIFFS' POSITION

### A. General Disputes

#### 1. Plaintiffs' Time Period is Proper

In May of 2020, the Judicial Council of California adopted Emergency Rule 9, which states, "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." https://www.courts.ca.gov/documents/appendix-i.pdf. The Northern District and district courts throughout California have consistently applied this rule to causes of action with qualifying statutes of limitation. See Pumphrey v. Battles, No. 21-cv-09005-JSC, 2023 U.S. Dist. LEXIS 18729, at *3 (N.D. Cal. Feb. 3, 2023) ("By its terms, Emergency Rule 9 tolled the statute of limitations for civil causes of action (with limitations periods longer than 180 days) for 179 additional days (the number of days from April 6, 2020 through October 1, 2020)"); see also Timboe v. Clark, No. 3:20-cv-08719-WHO, 2022 U.S. Dist. LEXIS 61045, at *14 (N.D. Cal. Mar. 31, 2022) ("It is hornbook law that state tolling doctrines apply to federal courts hearing state claims in diversity"); Porter v. Yuba City Police Officers Hansen, No. 2:20-CV-01554-KJM-DB, 2022 U.S. Dist. LEXIS 83416, at *2 (E.D. Cal. May 9, 2022); Manzo v. Anaheim Hous. Auth., No. 820CV02110JLSDFM, 2021 U.S. Dist. LEXIS 202544, at *6 (C.D. Cal. June 3, 2021); Segura v. City of San Diego, No. 3:22-cv-01029-RBM-AHG, 2023 U.S. Dist. LEXIS 118961, at *10 (S.D. Cal. Apr. 4, 2023).

All of Plaintiffs' claims have statutes of limitations that "exceed 180 days," and therefore all of Plaintiffs' claims are tolled for the 178-day period from April 6, 2020, to October 1, 2020. Defendant's argument that it does not have to produce information from before this period is therefore incorrect, as Plaintiffs' claims were tolled by Emergency Rule 9 for that period. Accordingly, Defendant should withdraw its objections and provide responses for the entire relevant time period.

2

**JOINT STATEMENT REGARDING DISCOVERY DISPUTE OVER DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

### 2. Defendant has no Basis to Object to Plaintiffs' Class Definition

Defendant claims that Plaintiff is unable to seek class contact information for pilots employed by Defendant throughout the relevant period, originally citing to *Lopez v. Pvh Corp.*, No. CV 15-02266-SVW (ASx), 2015 U.S. Dist. LEXIS 200831 (C.D. Cal. Oct. 15, 2015) ("*Lopez*") and *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020) ("*Williams-Sonoma*"). However, tellingly, Defendant has since abandoned *Lopez* as a source of authority, and now relies exclusively on *Williams-Sonoma*, which is inapposite. In *Williams-Sonoma*, the Ninth Circuit determined that a putative plaintiff in a consumer defect class action who lacked an underlying claim after it was determined that Kentucky law governed his claim, was not entitled to discovery of a list of California consumers of the same product that would enable his counsel to bring viable claims under California law. *See Williams-Sonoma*, 947 F.3d 535. Again, the circumstances of this holding are so far removed from ours that it is irrelevant, as Plaintiffs are qualified class representatives alleging viable claims under California law.

In fact, it is settled California law that plaintiffs in wage and hour class actions are entitled to the contact information of the entire class, including employees who hold a different position, so they may contact the most pertinent witnesses - other class members. *See e.g. Hinds v. Fedex Ground Package Sys.*, No. 18-cv-01431-JSW (EDL), 2018 U.S. Dist. LEXIS 243355, at *5-6 (N.D. Cal. Oct. 31, 2018) ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context")(citing *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011)); *see also Williams v. Super. Ct.*, (2017) 3 Cal. 5th 531, 547-52 ("*Williams*") ("California law has long made clear that to require a party to supply proof of any claims or defenses as a condition of discovery in support of those claims or defenses is to place the cart before the horse."). Indeed, "numerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential [contact] information." *Benedict v. Hewlett-Packard Co.*, 2013 U.S. Dist. LEXIS 89225, at *6 (N.D. Cal. June 25, 2013).

### B. Plaintiffs are Entitled to Obtain the Requested Contact Information, Time and Pay Records, and Policy Documents

Plaintiffs are legally entitled to the basic and foundational wage and hour discovery sought,

3

including policy documents, time and pay records, and contact information for the putative class. *Lou v. MA Labs., Inc.*, 2013 U.S. Dist. LEXIS 46851, at *3-6 (N.D. Cal. Mar. 28, 2013) (granting Plaintiffs' motion to compel putative class members' contact information); *Valenzuela v. MC2 Pool & Spa*, 2010 U.S. Dist. LEXIS 97619, at *1-2 (N.D. Cal. Sept. 3, 2010) (ordering defendant to produce all putative class members' time and payroll records prior to class certification); *Hill v. Eddie Bauer*, 242 F.R.D. 556, 560-63 (C.D. Cal. 2007) (holding that putative class members' time and pay records and defendant's employment policies are discoverable prior to class certification).

Indeed, Defendant may not improperly attempt to prevent Plaintiffs from substantiating their class certification motion by refusing to produce responsive information. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F. 2d 1304, 1313 (9th Cir. 1977) ("The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses."). Despite this, Defendant has failed to produce class contact information, time and payroll records, or responses indicating that all policy and time and payroll documents have been produced for over two months, in violation of FRCP 34(b)(2)(B).

Plaintiffs' deadline to file their motion for class certification is April 5, 2024, and Defendant's refusal to produce this discovery is an effort to stonewall Plaintiffs in advance of that deadline. Accordingly, Defendant should be ordered to serve supplemental responses, with a corresponding document production.

**II.     DEFENDANT'S POSITION**

For months, Plaintiffs have stonewalled in scheduling Plaintiffs' depositions and conferring with United over Plaintiffs' discovery responses. Plaintiffs should be ordered to exhaust the process so both sides' concerns may be addressed by the Court at the same time.

**A.1.    United Properly Objected to Plaintiffs' Definition of the Relevant Time Period**

Although the outer limit for the putative class period for any claim alleged is October 27, 2018 (four years before the complaint was filed), Plaintiffs want to reach back to May 1, 2018, based on Emergency Rule ("ER") 9. But the purpose of ER 9 was to ensure cases were not *barred* because of the COVID-19 pandemic; it does not apply to *extend* the applicable putative class period.

Indeed, none of Plaintiffs' cases stand for the proposition that ER 9 *extends* the applicable class period. Indeed, not one of the cases even involves a putative class action. *See Pumphrey v. Battles*, No. 21-CV-09005-JSC, 2023 WL 1769185, at *1 (N.D. Cal. Feb. 3, 2023) (single plaintiff personal injury case); *Timboe v. Clark*, No. 3:20-CV-08719-WHO, 2022 WL 991721, at *1 (N.D. Cal. Mar. 31, 2022)(single plaintiff fraudulent inducement case); *Porter v. Yuba City Police Officers Hansen*, No. 20-CV-01554-KJM, 2022 WL 1460124, at *1 (E.D. Cal. May 9, 2022) (single plaintiff assault case); *Manzo v. Anaheim Hous. Auth.*, No. 20-CV-02110-JLS, 2021 WL 4805456, at *6 (C.D. Cal. June 3, 2021)(housing case); *Segura v. City of San Diego*, No. 3:22-CV-01029-RBM, 2023 WL 4409851, at *1 (S.D. Cal. Apr. 4, 2023)(single plaintiff excessive force case).

Instead, *Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2019 WL 8263441 (N.D. Cal. Dec. 17, 2019), is instructive. There, the court rejected plaintiffs' attempt to extend the class limitations period through equitable tolling, because the plaintiffs' claims were not "typical" of a class involving members whose claims *are only possible* due to tolling. *Id. at *1*. Indeed, because "[e]ach named plaintiff filed within their state's respective statute of limitations . . . no named plaintiff need[ed] tolling to be able to assert their claims." *Id.* Here too, no tolling is needed for Plaintiffs to assert their claims, and United's objection limiting the class period is proper.

**A.2.    United Properly Objected to Plaintiffs' Fishing Expedition as to Pilots**

Plaintiffs, who are (or were) both flight attendants ("FAs"), seek to certify a class of both FAs and pilots. But to obtain pre-certification discovery, Plaintiffs must make a *prima facie* showing that all Rule 23 class-action requirements are satisfied or that discovery is likely to produce evidence to substantiate the class allegations. *See Austin v. Foodliner, Inc.*, No. 16-CV-07185-HSG, 2018 WL 1168694, at *1 (N.D. Cal. Mar. 6, 2018) (holding that plaintiff bears the "burden to show that pre-certification discovery is warranted")(quotation omitted); *see also Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)(class certification properly denied without discovery when plaintiffs could not make a prima facie showing of Rule 23's prerequisites or that discovery was "likely to produce persuasive information substantiating the class action allegations"); *Salazar v. McDonald's Corp.*, No. 14-CV-02096-RS, 2016 WL 736213, at *5 (N.D. Cal. Feb. 25, 2016) (same).

5

**JOINT STATEMENT REGARDING  DISCOVERY DISPUTE OVER DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

Plaintiffs have not, and cannot, meet their burden because there is neither commonality nor typicality among FAs and pilots. Plaintiffs' employment with United is governed by a collective bargaining agreement ("CBA") applicable only to FAs. But United's pilots' employment, work rules and pay are governed by a completely different CBA, because FAs and pilots are not similarly situated with respect to their duties, responsibilities, or training – nor are they similarly situated with respect to any of the claims alleged.

Plaintiffs' attempt to distinguish *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020) is a conclusory statement that it is irrelevant. In *Williams-Sonoma*, after the district court barred the plaintiff as a class action representative, the plaintiff sought discovery to identify a California purchaser who could serve as a new class representative. *Id.* at 538. When Williams-Sonoma objected, the court ordered it to produce a list of all California customers. *Id.* The Ninth Circuit granted Williams-Sonoma's writ of mandamus seeking to vacate the district court's order, finding "clear error" based on the Supreme Court's reasoning in *Oppenheim Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). In *Oppenheimer*, the plaintiffs sought class members' names and addresses to enable them to send out a class notice. *Id.* at 353. After examining *Oppenheimer*, the Ninth Circuit concluded that "using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)." *Williams-Sonoma*, 947 F.3d at 540. Here, like in *Williams-Sonoma*, Plaintiffs are merely seeking to identify a pilot who can serve as a class representative because they are not similarly situated to pilots. This effort should be rejected.

In addition, the cases Plaintiffs cite in support of their assertion that United must produce class-wide information and time and payroll records for pilots are factually distinguishable. *See Hinds v. FedEx Ground Package Sys., Inc.*, No. 18-CV-01431-JSW, 2018 WL 11251122, at *1 (N.D. Cal. Oct. 31, 2018)(seeking information on drivers, when the named plaintiffs are also drivers); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 543 (2017)(allowing discovery into other non-exempt employee groups when the policies at issue were "systematic companywide policies" applicable to all employees in a PAGA-only case); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186, at *1 (N.D. Cal. June 25, 2013)(allowing discovery of employees with similar technical titles when defendant did not dispute the propriety of the class definition).

6

**JOINT STATEMENT REGARDING DISCOVERY DISPUTE OVER DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

Accordingly, United's objection to Plaintiffs' discovery aimed at pilots is proper.

**B.     Contact, Time and Pay Data for FAs Should Be Limited to a Sample**

United offered a 10% sampling of the FAs contact information, time and pay data. But Plaintiffs insisted not only they unilaterally pick how the sample was drawn, but that United also waive any objection to the sample's representative nature at class certification.

United's offer remains, and it would reasonably strike a balance between protecting the privacy rights of 10,000 FAs who don't know someone is seeking their personal information, the burdensome nature of wholescale production of the information sought, and Plaintiffs' legitimate interests in information and witnesses. It is premature for United to concede that Plaintiff's selected sample is "representative."

Dated: November 20, 2023            **LEBE LAW, APLC**

By:    /s/ Chancellor D. Nobles
Jonathan M. Lebe
Chancellor D. Nobles
Brielle D. Edborg
Attorneys for Plaintiffs Darrell Hughes and Robin Goings, individually and on behalf of all others similarly situated

Dated: November 20, 2023            **JONES DAY**

By:    /s/ Amanda C. Sommerfeld
Amanda C. Sommerfeld
Attorneys for Defendant United Airlines, Inc.

## ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I, Chancellor D. Nobles, attest that concurrence in filing this document has been obtained from the other signatory.

7

**JOINT STATEMENT REGARDING  DISCOVERY DISPUTE OVER DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**