UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DARRELL HUGHES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AIRLINES, INC. et al., <br><br> Defendants. | Case No. 3:22-cv-08967-LB <br><br> **ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** <br><br> Re: ECF No. 36 |

**INTRODUCTION AND STATEMENT**

This is a putative class action claiming that United Airline's compensation practices for pilots and flight attendants violate the California Labor Code.[1] United has moved for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c): in full for claims one and five and in part for claims two through four and seven.[2] Claim one charges a failure to pay reporting time (the time when an employee reports for work and is not put to work or works less than a half day), in violation of Cal. Labor Code § 1198 and California Wage Order 9, Cal. Code Regs. tit. 8, §

---

[1] First Am. Compl. (FAC) – ECF No. 30. United removed the case to federal court, asserting the court's diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. 1332(d); Notice of Removal – ECF No. 1. The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 7, 9. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF Nos. 36 & 36-1.

11090(5).³ Claims two and three charge a failure to provide meal and rest breaks, in violation of Cal. Labor Code § 226.7.⁴ Claim four charges a failure to reimburse for business expenses, in violation of Cal. Labor Code § 2802 and Wage Order 9.⁵ Claim five charges a failure to maintain payroll records, in violation of Cal. Labor Code §§ 1174 and 1174.5.⁶ Claim seven charges unfair business practices predicated on the other claims, in violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200.⁷

United contends that (1) it is exempt from paying claim one's reporting time under the Railway Labor Act (RLA) exemption in California Wage Order 9, Cal. Code Regs. tit. 8, § 11090(1)(E), which exempts employees — like the putative class — covered by a collective-bargaining agreement (CBA) under the RLA, (2) it is similarly exempt from paying claim four's expenses for uniforms, (3) there is no private right of action for claim five's failure to maintain payroll records, and the plaintiffs do not otherwise state a claim, (4) to the extent it is entitled to judgment on the predicate claims, it is entitled to judgment on the UCL claim (claim seven) and — because the UCL provides only for restitutionary remedies — judgment on the plaintiffs' claims for § 203 waiting-time penalties and § 1174.5 recordkeeping penalties, and (5) it is entitled to injunctive relief on the break claims for flight attendants (claims two and three), who are covered by a CBA under the RLA, because newly enacted Cal. Labor Code § 512.2 exempts them from the Labor Code's break requirements.⁸ These grounds entitle United to judgment.

## ANALYSIS

"After the pleadings are closed — but early enough not to delay trial — a party may move for

---

³ FAC – ECF No. 30 at 9–10 (¶¶ 25–28).

⁴ *Id.* at 10–13 (¶¶ 29–44).

⁵ *Id.* at 12–15 (¶¶ 45–54).

⁶ *Id.* at 15 (¶¶ 55–57).

⁷ *Id.* at 17–19 (¶¶ 64–79).

⁸ Mot. – ECF No. 36-1 at 10–19. The court judicially notices the uncontroverted CBAs. Req. for Judicial Notice – ECF No. 36-2 at 2; CBAs, Exs. 1–2 to *id.*; *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1142–43 (N.D. Cal. 2019) (judicially noticing CBA); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (judicial notice of documents like these does not convert motion to summary-judgment motion).

judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is proper if, taking all of [the plaintiff]'s allegations in its pleadings as true, [the defendant] is entitled to judgment as a matter of law." *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010) (Smith, J., dissenting) (citing *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993)).

If a court dismisses a complaint because the fact allegations are insufficient, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal theory if given the opportunity").

The next sections address (1) the RLA exemption under Wage Order 9 (claims one and four), (2) the payroll-records claim (claim five), (3) the UCL claim (claim seven), and (4) the preclusion of injunctive relief for the break claims (claims two and three) under Cal. Labor Code § 512.2.

### 1. RLA Exemption (Claims One and Four)

Under section 5 of Wage Order 9, if an employee is required to report to work and is not put to work or works less than a half day, the employer must pay for a half day's work of at least two hours and not more than four hours. Cal. Code Regs. tit. 8, § 11090(5)A). Wage Order 9 has an

exemption for employees covered by the RLA who are party to a CBA: "Except as provided in sections 4, 10, 11, 12, and 20 through 22, this order shall not be deemed to cover those employees who have entered into a CBA under and in accordance with the provisions of the [RLA], 45 U.S.C. [§] 151 et seq." *Id.* § 11090(1)(E) (cleaned up). Section 5, *id.* § 11090(5), is not an excepted section. The exemption thus applies if its conditions are met, meaning, the putative class members have entered into CBAs under the RLA. They have: the pilots and flight attendants have entered into CBAs that "concern[] common rates of pay, rules, and working conditions" with United, a "common carrier by air engaged in interstate or foreign commerce." *Horowitz v. SkyWest Airlines*, No. 21-cv-04674, MMC, 2021 WL 4079184, at *2 (N.D. Cal. Sept. 8, 2021) (quoting 45 U.S.C. §§ 152, 181).

The plaintiffs do not dispute that Wage Order 9 exempts employees covered by CBAs under the RLA. Instead, they contend that their claim also is predicated on Cal. Lab. Code § 1198.[9] But it has no standalone requirement for payment:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Cod § 1198.

Thus, the claim rests entirely on the wage order, which exempts the putative class. The plaintiffs cite no case that holds that § 1198 provides an independent basis for a reporting-time pay claim. Instead, the cases all involve alleged violations of a wage order.[10] *See, e.g.*, *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020) (reporting-time pay claim under Wage Order 7); *Kamar v. RadioShack Corp.*, No. CV 07-2252 AHM (AJWx), 2008 WL 2229166, at *1, *3 (C.D. Cal. May 15, 2008) (reporting-time pay claim under Wage Order 4-2001). *Gutierrez*, as United points out, is distinguishable: it involved a statutory right to recover the "legal minimum wage."[11]

---

[9] Opp'n – ECF No. 37 at 13.

[10] Reply – ECF No. 38 at 8 (making this point and collecting cases).

[11] *Id.* at 8–9.

*Gutierrez v. Brand Energy Servs. of Cal., Inc.*, 50 Cal. App. 5th 786, 796–97 (2020) (quoting Cal. Lab. Code § 1194). In sum, Wage Order 9 exempts claim one.

It also exempts claim four, which depends on Wage Order 9. Wage Order 9 provides that uniforms "shall be provided and maintained by the employer." Cal. Code Regs. tit. 8, § 11090(9)(A). Section 9 is not one of the excepted sections. *Id.* § 11090(1)(E). To the extent that claim four is premised on Wage Order 9, United is entitled to judgment on the claim.

**2. Payroll Records (Claim Five)**

The issues are whether there is a private right of action to enforce Labor Code §§ 1174 and 1174.5 and, if there is, whether the plaintiffs state a claim.[12] The answer to both questions is no.

First, there is no private right of action. A violation of a state statute does not "necessarily give rise to a private cause of action. Instead, whether a party has a right to sue depends on whether the Legislature has manifested an intent to create such a private cause of action under the statute." *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010) (cleaned up). "A statute may contain clear, understandable, unmistakable terms which strongly and directly indicate that the Legislature intended to create a private cause of action. *Id.* at 597 (cleaned up). "For instance, it may expressly state that a person . . . is liable for a cause of action for a particular violation." *Id.* (cleaned up) (citing Cal. Civ. Code § 51.9, which provides that a "person is liable for a cause of action for sexual harassment" if the plaintiff "proves certain elements"). "Or, more commonly, a statute may refer to a remedy or means of enforcing its substantive provisions, i.e., by way of an action." *Id.*

United cites many cases holding that Labor Code §§ 1174 and 1174.5 do not provide an express or implicit private right of action.[13] *See, e.g., Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *10 (N.D. Cal. May 30, 2018) (collecting cases); *Huynh v. Jabil Inc.*, No. 22-cv-07460-WHO, 2023 WL 1802417, at *6 (N.D. Cal. Feb. 7, 2023) (collecting cases). The plaintiffs counter that the Ninth Circuit has said (in a footnote and without any citation to authority) that "[p]laintiffs have a private right of action to enforce a statute, such as § 1174.5, that requires

---

[12] Mot. – ECF No. 36-1 at 13–17.

[13] *Id.* at 15–16 (collecting cases).

1   compliance with a wage order." *Herrera*, 953 F.3d at 1075 n.6.[14] The footnote is dictum: the court
2   concluded that the defendant had not raised the private-right-of-action argument until appeal and
3   thus waived it. *Id.* United also points out that the claim here does not require compliance with a
4   wage order.[15] Cases since *Herrera* have found that there is no private right of action (albeit without
5   discussing *Herrera*). *See, e.g.*, *Hunyh*, 2023 WL 1802417, at *6. The court follows these cases as
6   persuasive.
7       Second, the plaintiffs' allegations are conclusions, not facts: they argue that United did not
8   "maintain payroll records . . . showing the actual hours worked."[16] The claim seemingly is
9   predicated on the reporting-time and break claims that are not actionable.
10      The court dismisses claim five.

### 3. UCL (Claim Seven)

The plaintiffs concede that claim seven is predicated on claims one, four, and five, and they do not address United's arguments about their claims for waiting-time penalties under Labor Code § 203 and civil penalties under § 1174.5. United is entitled to judgment on claim seven.

### 4. Meal and Rest Breaks (Claims Two and Three)

The Labor Code's meal and break requirements do not apply to "an airline crew member" covered by a CBA under the RLA if the CBA "address[es] meal and rest periods," meaning, the CBA contains any provision providing for meal and rest periods. Cal. Labor Code § 512.2(a)(2) & (b). It is undisputed that the flight attendants are parties to a CBA that addresses meal and rest periods.[17] The statute was enacted after this lawsuit was filed: the court held that it did not preclude the claim generally.[18] The issue is whether it precludes the plaintiffs' claim for injunctive

---

[14] Opp'n – ECF No. 37 at 10.

[15] Mot. – ECF No. 36-1 at 16.

[16] Opp'n – ECF No. 37 at 11–12.

[17] CBA, ECF No. 36-2 (pp. 25–27 (§ 3(DD)), pp. 36–37 (§ 5(A)(3)) (page numbers at bottom of page).

[18] Order – ECF No. 29 at 6–7 (no ban on claims filed before December 5, 2022).

relief.[19] It does: there is no ongoing statutory right to relief and thus no basis for injunctive relief. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 162 (2010). The plaintiffs suggest that there might be employees who are not covered by a CBA.[20] That is speculative argument unsupported by any allegations in the complaint and is belied by the CBAs in the record.

## CONCLUSION

The court grants United judgment as a matter of law: (1) for claim one in full and claim four to the extent that it is predicated on Wage Order 9 regarding uniform expenses, (2) for claim five in full, (3) for claim seven to the extent that it is predicated on (a) claims one, four and five and (b) the plaintiffs' claims for § 203 waiting-time penalties and § 1174.5 recordkeeping penalties, and (4) for claims two and three, on the prayer for injunctive relief for flight attendants. The ruling is as a matter of law, and the claims cannot be cured on amendment. The dismissal thus is with prejudice. This disposes of ECF No. 36.

**IT IS SO ORDERED.**

Dated: January 10, 2024

LAUREL BEELER
United States Magistrate Judge

---

[19] Mot. – ECF No. 36-1 at 18–19.

[20] Opp'n – ECF No. 37 at 18.